[No. 31439. Department Two. December 21, 1950.]

THE CITY OF BELLINGHAM, *Respondent*, v. CLIFFORD L. HITE, *Appellant.*[1]

[1]Reported in 225 P. (2d) 895.

R. W. Greene .and David E. Rhea, for appellant.

Joseph T. Pemberton, for respondent.

ROBINSON, J.—Appellant in this cause was convicted in the municipal court of Bellingham of the offense of operating a motor vehicle while affected by the use of intoxicating liquor. The penalty imposed was a fine of one hundred seventy-five dollars, a sentence of fourteen days' imprisonment in the city jail, and revocation of his driver's license. The following day, April 27, 1949, appellant gave notice of appeal, and, in accordance therewith, furnished bail and filed the transcript of the municipal court proceedings with the clerk of the superior court of Whatcom county. On September 16, 1949, he noted the case for trial. Respondent, on the same day, moved to dismiss the appeal for failure to note for trial within ten days. After hearing argument and considering briefs submitted by each of the parties, the court, on April 18, 1950, entered

an order dismissing the appeal. It is from this order that appeal has been taken.

Respondent first contends that the appeal in this court should be dismissed because of appellant's alleged noncompliance with Rules 12 (1) (a) and (b) of the Rules of the Supreme Court, 18 Wn. (2d) 14-a. Rule 12 (1) (a) provides that notice of appeal in criminal cases should be given in open court or by a writing served upon the prevailing party and timely filed in the office of the clerk. It would seem that appellant abided by this rule, for it appears, from the court's order dismissing the appeal, that oral notice in open court was given as the terms of the rule require.

■ Rule 12 (1) (b) provides that a certified copy of the journal entry showing the giving of oral notice of appeal, or a certified copy of the written notice of appeal, should be sent to this court by the clerk of the superior court. The clerk has certified to us a copy of the judge's order of dismissal of the appeal, containing the phrase, "the defendant excepting to said order and now giving notice of appeal in open court," and we think this sufficient compliance with the rule. The motion is denied.

The act establishing the procedure for taking appeals from the police court is contained in Laws of 1937, chapter 79, p. 333, and has been codified in Rem. Rev. Stat. (Sup.), §§ 8993-1 to 8993-4 [P.P.C. §§ 151-33, to -39]. Rem. Rev. Stat. (Sup.), § 8993-1, provides that, within ten days after the filing of the transcript, the appellant should note the case for trial. Rem. Rev. Stat. (Sup.), § 8993-2, provides that, if the appellant fails to proceed with his appeal in the time and manner specified, the superior court should, upon the motion of the city, dismiss the appeal in those cases wherein the transcript has been filed. There is no question but that the appellant in the present case failed to comply with the first of these statutes, and that the superior court, in dismissing his appeal, acted in accordance with the second. Appellant asserts, however, that, for a number of reasons, Laws of 1937, chapter 79, p. 333, is unconstitutional.

The title of this act is as follows:

"AN ACT relating to police judges in cities of the first-class; providing for appeals from judgments in criminal proceedings before such judges and amending title 60, chapter 7, Remington's Revised Statutes, by adding four new sections to be designated as sections 8993-1, 8993-2, 8993-3 and 8993-4."

Art. II, § 37, of the constitution of the state of Washington, provides:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length."

■ Appellant's contention seems to be that, since the act in question purports to amend title 60, chapter 7, of Remington's Revised Statutes by reference merely, it violates this constitutional provision. But, obviously, the act is supplementary, rather than amendatory in character. The principles which must control our decision in such a situation were set forth in *Spokane Grain & Fuel Co. v. Lyttaker*, 59 Wash. 76, 109 Pac. 316, which we have since cited on numerous occasions. In that case, Judge Rudkin, speaking for the court, quoted the following excerpt from the opinion of Judge Cooley in *People v. Muhaney*, 13 Mich. 481:

" 'This constitutional provision must receive a reasonable construction, with a view to give it effect. The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by this provision, and cannot be

held to be prohibited by it without violating its plain intent.' "

A few of the later cases endorsing these principles are: *State ex rel. Jones v. Clausen,* 78 Wash. 103, 138 Pac. 653; *In re Hulet,* 159 Wash. 98, 292 Pac. 430; *Opportunity Township v. Kingsland,* 194 Wash. 229, 77 P. (2d) 793; and *Swedish Hospital v. Dept. of Labor and Industries,* 26 Wn. (2d) 819, 176 P. (2d) 429. It is clear that the act involved in the present case did not change, piecemeal, any existing statute, but instead was a complete new act dealing with one specific subject, to wit, the necessary procedural steps involved in an appeal from a judgment of a police court. Its meaning cannot be misunderstood, and one can know what the legislature intended by it without reference to any other act or statute. As the trial court observed, the inclusion in the title of the phrase, "amending title 60, chapter 7, Remington's Revised Statutes," had no other effect than to designate the place in the code which the new sections were to occupy. Clearly, the act does not violate Art. II, § 37, of our constitution, as it has been construed by this court.

But appellant insists that, even if this chapter is treated as a separate and original act, still, it offends Art. II, § 19, of the constitution. This section reads as follows:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

Appellant objects that there is nothing in the title to indicate that the act involves procedure in the superior court. But the title, after referring to police judges, specifically states that the act provides for "appeals from judgments in criminal proceedings before such judges." The act itself has reference to superior court procedure only in connection with such appeals. An act dealing with appeals from police courts could scarcely avoid concerning itself with superior court procedure to this extent, and few would be surprised to discover that it did so. We find no violation of the constitution here.

■ Appellant contends that allowing this case to be tried before a police judge without a jury was a violation of his rights under both Federal and state constitutions, and that the laws authorizing such a procedure are invalid. Clearly, the Federal constitution is not involved. The guarantees of jury trial contained in Art. III, § 2 thereof, and in the sixth amendment thereto, are limitations solely on the powers of the Federal government. Trial by jury may be modified by a state, or even abolished altogether. *Eilenbecker v. Plymouth County,* 134 U. S. 31, 33 L. Ed. 801, 10 S. Ct. 424; *Fay v. New York,* 332 U. S. 261, 91 L. Ed. 2043, 67 S. Ct. 1613.

■■ As for the state constitution, it provides, in amendment 10, that, in criminal prosecutions, the accused shall have the right to "a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed." Appellant concedes, however, that such constitutional commandments do not refer to trials for petty offenses. *State ex rel. Belt v. Kennan,* 25 Wash. 621, 66 Pac. 62. It is his argument that drunken driving cannot be considered a petty offense, both by reason of its serious character and because the punishment prescribed by statute may involve both fine and imprisonment. But we need not discuss the question of whether either the class of offense or the severity of the penalty is such as to require a trial by jury, for the apparent answer to appellant's contention is that the right of jury trial has never been taken from him. Under the statute, he was entitled to appeal to the superior court, where his case would have been tried *de novo*. Rem. Rev. Stat., § 8993 [P.P.C. § 151-31]. There, he would have had the right to a full trial by jury. *Spokane v. Smith,* 37 Wash. 583, 79 Pac. 1125. As is well stated in the headnote to 50 C. J. S. 861, Juries, § 132 (c):

"The constitutional right to a jury trial in criminal cases is secured, although such a trial is not authorized in the first instance, provided there is a right of appeal without any unreasonable restrictions to a court in which a jury trial may be had."

See, in this connection, *Zelle v. McHenry,* 51 Iowa 572, 2 N. W. 264; *City of Emporia v. Volmer,* 12 Kan. 622; and *Commonwealth v. Leach,* 246 Mass. 464, 141 N. E. 301.

■ The legislature may regulate how an appeal of this sort may be taken, so long as the conditions prescribed are reasonable (*State v. Griffin,* 66 N. H. 326, 29 Atl. 414); and a failure to comply with such conditions is a waiver of the right to jury trial. *Commonwealth v. Whitney,* 108 Mass. 5. There is nothing unreasonable in the requirement that an appellant should note his case for trial within ten days after filing of the transcript. Together with similar provisions of the act under construction, it seems to have been adopted in order to avoid the excessive delay in the final disposition of criminal appeals, which was often a feature of the former procedure. See *Seattle v. Reed,* 6 Wn. (2d) 186, 107 P. (2d) 239.

Appellant finally contends that the acts establishing police court jurisdiction contravene Art. II, § 19, *supra,* of the state constitution, in that their titles contain no reference to the provisions contained therein, to the effect that, in the trial of actions brought for the violation of any city ordinance, no jury shall be allowed. Appellant quotes particularly the title to Laws of 1903, chapter 30, p. 34, which reads:

"AN ACT amending sections 3 and 6 of an act entitled 'An act relating to justices of the peace and constables in cities of the first class and fixing their number and salaries and providing for making one of the justices elected in such cities a police justice, and defining his duties, jurisdiction and powers,' approved March 13, 1899, being Chapter LXXXV of Session Laws of 1899, and declaring an emergency."

■ This title as does the title of the successor to this act, found in Laws of 1923, chapter 182, p. 608, and now in force as §§ 8992-1 and 8993 of Rem. Rev. Stat., explicitly indicates that the act to which it refers defines the duties, jurisdiction, and powers of a police justice. This is surely inclusive of the matter of whether a jury should or should not be employed in actions tried before him. But appellant argues that the right to trial by jury is so fundamental that

the title should have indicated that a jury was not to be used in these actions. "Is there anything in the title remotely suggesting the abolition of a right to jury in an arrest for the violation of any city ordinance?" he inquires, "Would a reading of this title remotely suggest that a right guaranteed by both the Federal and state constitutions was being taken away?" Passing once more the question of whether the state constitution actually guarantees the right of jury trial in cases of the type involved here, it is only necessary to say again that neither the act of 1903 nor the act of 1923 took away any such right. In both, it was stated that "all civil or criminal proceedings before such police judge and judgments rendered by him shall be subject to review in the superior court of the proper county by writ of review or appeal." No one's fundamental rights were abridged by these acts. Their provisions relative to the nonuse of the jury were merely procedural in nature, and, as such, were fully comprehended by the broad language of their titles.

In conclusion, we can do no better than to quote the final paragraph of respondent's well-written brief:

"By following certain simple steps the appellant was entitled to appeal from the decision of the municipal court if he was dissatisfied. Upon such an appeal he was entitled to a jury trial as a matter of right and to every presumption of innocence and every protection which the law accords to an accused. His constitutional right to a trial by jury was never infringed at any point. The appellant simply failed to take the simple procedural steps necessary for him to have a complete review on the merits by a superior court jury."

The judgment is affirmed.

SCHWELLENBACH, MALLERY, GRADY, and HILL, JJ., concur.