[Nos. 37246, 37285, 37245. En Banc. June 4, 1964.]

THE STATE OF WASHINGTON, *on the Relation of Patrick O'Brien, Respondent,* v. VERNON W. TOWNE, *Petitioner.*

THE STATE OF WASHINGTON, *on the Relation of Hubert John Gilligan, Respondent,* v. VERNON W. TOWNE, *Petitioner.*

THE STATE OF WASHINGTON, *on the Relation of Gerald D. Hile, Respondent,* v. VERNON W. TOWNE, *Appellant.**

*Reported in 392 P. (2d) 818.

582

*A. L. Newbould, Gordon F. Crandall* and *Charles R. Nelson,* for petitioner.

*Greive & Law,* by *R. R. Bob Greive,* for respondents.

ROSELLINI, J.—The defendants in these consolidated cases were charged with various petty offenses, none of which involved as a possible penalty the revocation of a defendant's driver's license.[1] The defendants have challenged the constitutionality of RCW 35.20.090. That statute pertains to jury trials in municipal courts in cities having a population of over 500,000, which have exclusive original jurisdiction to try violations of all city ordinances, under RCW 35.20.030. RCW 35.20.090 provides *inter alia:*

" . . . No trial by jury shall be allowed in criminal cases involving violations of city ordinances."

The superior court held that this provision violates Art. 1, § 12, of the state constitution and Amendment 14, § 1, of the United States Constitution. The court based its holding that the provision denied equal protection of the laws to the defendants on its finding that jury trials are available for the same type of offenses in other courts of equal rank. This finding is in error inasmuch as jury trials are not allowed in trials in police courts (which have exclusive original jurisdiction over all offenses defined by ordinance) for violations of ordinances of first class cities (RCW 35.22-.460), second class cities (RCW 35.23.600), third class cities (RCW 35.24.460) or towns (RCW 35.27.540).

The provisions of the state and federal constitutions which prohibit the granting of special privileges and im-

[1] *Artis v. Rowland, ante* p. 576, 392 P. (2d) 815.

munities and guarantee equal protection of the laws, require that class legislation must apply alike to all persons within a class, and reasonable ground must exist for making a distinction between those within and those without a designated class; but within the limits of such restrictive rules, the legislature has a wide measure of discretion, and its determination, when expressed in statutory enactment, cannot be successfully attacked unless it is manifestly arbitrary, unreasonable, inequitable, and unjust. *Sittner v. Seattle,* 62 Wn. (2d) 834, 384 P. (2d) 859; *Clark v. Dwyer,* 56 Wn. (2d) 425, 353 P. (2d) 941, cert. den. 364 U. S. 932, 5 L. Ed. (2d) 365, 81 S. Ct. 379.

■ Classifications of cities, counties and other legal subdivisions of states upon the basis of population, have been almost universally upheld by the courts, both state and federal, when population bears any reasonable relation to the purpose and subject matter of the given legislation. To be valid, legislation need not apply alike to persons not similarly situated, and need only apply alike to all persons similarly situated. *State ex rel. Lindsey v. Derbyshire,* 79 Wash. 227, 140 Pac. 540.

■ If the legislature made a distinction between cities having a population of over 500,000 and smaller cities, the motivating consideration may well have been that the volume of court business is greater in a city of that size, and the allowing of a jury trial in the first instance impractical. The enactment of a law disallowing jury trials in cities of this size, for this reason, while permitting them in smaller cities, would not be manifestly arbitrary, unreasonable, inequitable, and unjust. As a matter of fact, however, the respondents have failed to show that the legislature did make such a distinction.

In the argument in support of the judgment, the defendants cite authorities sustaining the proposition that legislatures may not deny equal protection of the laws, but none supporting the contention that the law questioned here constitutes such a denial.

The only other argument advanced in support of the judgment is that the provision violates amendment 10 of

the state constitution and Art. 3, § 2 and amendment 6 of the federal constitution, as carried over into the Fourteenth Amendment. It is the defendants' contention that these provisions secure to them the right to trial by jury. In *Bellingham v. Hite*, 37 Wn. (2d) 652, 225 P. (2d) 895, this court held that the right to trial by jury was not denied by a statute giving to a police judge jurisdiction to try certain offenses without a jury, since any person convicted was entitled to appeal to the superior court and secure a trial de novo. The same right of appeal exists here.

The respondents cite the case of *Callan v. Wilson*, 127 U. S. 540, 32 L. Ed. 223, 8 S. Ct. 1301, wherein the Supreme Court of the United States held that the right to trial by jury is not accorded by a statute which gives the right to have a jury trial on appeal, if no jury trial is provided in the first instance. The court in that case, however, recognized that the right to a jury trial does not exist in every case, saying:

" . . . Except in that class or grade of offences called petty offences, which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose, the guarantee of an impartial jury to the accused in a criminal prosecution, conducted either in the name, or by or under the authority of, the United States, secures to him the right to enjoy that mode of trial from the first moment, and in whatever court, he is put on trial for the offence charged. In such cases a judgment of conviction, not based upon a verdict of guilty by a jury, is void. . . ."

Elsewhere in that opinion, the court quoted the following from Dillon, Municipal Corporations § 433, defining the class of offense which has traditionally been triable by summary procedure:

" . . . 'Violations of municipal by-laws proper, such as fall within the description of municipal police regulations, as, for example, those concerning markets, streets, water-works, city officers, etc., and which relate to acts and omissions that are not embraced in the general criminal legislation of the State, the legislature may authorize to be prosecuted in a summary manner, by and in the name of the corporation, and need not provide for a trial by jury.

Such acts and omissions are not crimes or misdemeanors to which the constitutional right of trial by jury extends.' "

This court in the *Bellingham* case held that the guarantees of jury trial contained in Art. 3, § 2, and amendment 6 of the federal constitution were limitations solely on the powers of the federal government. This is no longer the case. See *Gideon v. Wainright,* 372 U. S. 335, 9 L. Ed. (2d) 799, 83 S. Ct. 792.

However, the respondents cite no authorities holding that the right of trial by jury is guaranteed by either the state or federal constitution for violations of such police regulations, and they tacitly concede that the offenses with which they were charged were of the class termed "petty."

The United States Supreme Court held in *District of Columbia v. Clawans,* 300 U. S. 617, 81 L. Ed. 843, 57 S. Ct. 660, that the denial of a jury trial in a case involving a petty offense did not violate Art. 3, § 2, of the United States Constitution.

■ Assuming, therefore, that this court was in error when it held in the *Bellingham* case that a defendant is not deprived of his right to trial by jury by a law which denies that right in an inferior court but gives him a right to jury trial on appeal, we must nevertheless hold that the respondents have not shown that they were entitled to a trial by jury in the first instance and thus have failed to sustain their contention that RCW 35.20.090 is unconstitutional as applied to them.

The judgments are reversed, therefore, and the causes remanded for further proceedings consistent with the views expressed in this opinion.

ALL CONCUR.

July 29, 1964. Petition for rehearing denied.