[No. 44411.   Department Two.   December 2, 1976.]

LEWIS HATFIELD, ET AL, *Appellants*, v. RICHARD GRECO,
*Respondent*.

*Hoff & Cross*, by *Neil J. Hoff* and *Geoffrey C. Cross*, for
appellants.

*Manza, Moceri, Gustafson & Messina*, by *Michael S.
Manza*, for respondent.

WRIGHT, J.—This action was instituted under the provisions of RCW 29.04.030 to challenge the right of one Joseph Stortini to be a candidate for the office of County Commissioner for the Second Commissioner District of Pierce County. The basis for the challenge was the contention that Stortini was in fact not a bona fide resident of the Second Commissioner District.

The plaintiffs are electors; however, plaintiff Lewis Hatfield was stricken by the trial court for the reason he was not a resident within the Second Commissioner District. Thereafter, Bobby Powell was the only plaintiff. Defendant

is the County Auditor of Pierce County and, as such, ex officio election supervisor for the county.

The matter proceeded to trial and the trial court heard conflicting evidence relative to the residence of Stortini. The trial court, on August 19, 1976, announced a decision and thereafter on August 23, 1976, made and entered findings of fact, conclusions of law, and a judgment. The trial court held that Stortini could be a candidate and that his name should appear upon the ballot.

Because of the then nearness of the primary election, the matter was treated throughout as an emergency. This attempted appeal was filed August 25, 1976, and was heard by a department of the court on August 27, 1976, with an order entered on August 30, 1976.

We shall consider only one question. Was the judgment of the trial court appealable under RCW 29.04.030? We hold that it was not.

This action was instituted by affidavit under the provisions of RCW 29.04.030 (1) and (3). The final paragraph of RCW 29.04.030 reads:

> An affidavit of an elector under subsections (1) and (3) above when relating to a primary election must be filed with the appropriate court no later than the second Friday following the closing of the filing period for nominations for such office and shall be heard and finally disposed of by the court not later than five days after the filing thereof.

The language "finally disposed of" is clear. It means no appeal is available in the special proceeding here involved.

When the language of a statute is clear, there is no room for construction. *State v. Roth*, 78 Wn.2d 711, 479 P.2d 55 (1971); *State ex rel. Hagan v. Chinook Hotel, Inc.*, 65 Wn.2d 573, 399 P.2d 8 (1965).

The only exception to the above rule may occur when a literal reading of the statute will obviously be contrary to the legislative intent. *Silver Shores Mobile Home Park, Inc. v. Everett*, 87 Wn.2d 618, 555 P.2d 993 (1976); *Yakima First Baptist Homes, Inc. v. Gray*, 82 Wn.2d 295, 510 P.2d

243 (1973); *Lenci v. Seattle,* 63 Wn.2d 664, 388 P.2d 926 (1964).

We are not herein concerned with the exception. The intent of the legislation is to obtain the speedy determination of an emergent matter because of the need for certainty as to what will appear on a ballot a reasonable time in advance of any election. A similar statutory intent can be found in RCW 29.81.020 (relating to the ballot title for an initiative measure) wherein it is said "The decision of the superior court shall be final . . ."

The procedure involved herein is a special procedure provided by statute. *State ex rel. Kurtz v. Pratt,* 45 Wn.2d 151, 273 P.2d 516 (1954). The rule is that, when a remedy is purely statutory in character, the methods of procedure provided in the statute are exclusive and mandatory, and are to be strictly construed. We said in *Big Bend Land Co. v. Huston,* 98 Wash. 640, 643, 168 P. 470 (1917):

> This is a special statutory proceeding, summary in its nature, and in derogation of the common law. It is an elementary rule of universal application in actions of this character that the statute conferring jurisdiction must be strictly pursued, and if the method of procedure prescribed by it is not strictly observed, jurisdiction will fail to attach and the proceeding will be a nullity.

The *Big Bend* case was an unlawful detainer. The same rule has been applied in workmen's compensation. *Wiles v. Department of Labor & Indus.,* 34 Wn.2d 714, 209 P.2d 462 (1949); *State ex rel. Bates v. Board of Indus. Ins. Appeals,* 51 Wn.2d 125, 316 P.2d 467 (1957). The same rule has been applied to other special procedures provided by statute. In the present case, the court lacks jurisdiction to hear the attempted appeal.[1]

The attempted appeal is, therefore, dismissed.

STAFFORD, C.J., and ROSELLINI, HAMILTON, and UTTER, JJ., concur.

---

[1] Nothing said herein is intended to in any manner imply an absence of further remedy. The law provides other methods to challenge the eligibility of candidates for public office. *See Freund v. Hastie,* 13 Wn. App. 731, 537 P.2d 804 (1975); *State ex rel. Pennick v. Hall,* 26 Wn.2d 172, 173 P.2d 153 (1946).