[No. 2877–3. Division Three. June 7, 1979.]

THE STATE OF WASHINGTON, on the Relation of Dennis D. McEver, Appellant, v. YAKIMA COUNTY DISTRICT COURT, ET AL, Respondents.

*Paul D. Edmondson,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *David Waterbury, Deputy,* for respondents.

Roe, J.—On October 3, 1977, Dennis McEver was arrested for DWI and driving while his license was suspended. At his arraignment in Yakima County District Court on October 4, McEver appeared pro se and entered a plea of not guilty to both charges. At the same time he requested court–appointed counsel. Since he did not demand a jury, a trial date was also set.

After obtaining counsel, McEver filed a written demand on October 21, 1977, for jury trial. His demand was denied as "not timely" under JCrR 4.07(a), which provides in pertinent part:

> Demand for jury trial must be made at the time the defendant's plea is entered; otherwise, it shall be deemed waived, unless the court rules to the contrary.

McEver filed an application for writ of certiorari in Yakima County Superior Court for review of the order denying him a jury trial. After considering McEver's affidavit and oral argument, the court denied the writ. This appeal followed.

McEver contends that he was unconstitutionally denied his right to a jury trial, and argues that this right cannot "be waived in District Court at the time of entering a 'Not Guilty Plea' without the record affirmatively showing that such a waiver was freely and voluntarily given with knowledge of its consequences."

In his affidavit, McEver did not allege that the arraigning court failed to follow JCrR 3.02 or that he was incompetent at the time he entered his plea. Rather, the affidavit states, and his counsel admitted at the show cause hearing, that McEver had been advised of his rights before he entered the plea of not guilty. Despite arguments of appellant to the contrary, no constitutional rights are involved here, either of a right to a trial by jury or a written waiver thereof.

In *Bellingham v. Hite*, 37 Wn.2d 652, 225 P.2d 895 (1950), the defendant was convicted in the municipal court

of Bellingham of operating a motor vehicle while affected by the use of intoxicating liquor. The defendant contended that allowing the case to be tried before a police judge without a jury was a violation of his rights under both federal and state constitutions. This was brushed aside by the Supreme Court, stating that the federal constitution is not involved and that, "Trial by jury may be modified by a state, or even abolished altogether." *Bellingham v. Hite, supra* at 657. Subsequently, the United States Supreme Court held the right of jury trial for nonpetty offenses is constitutionally required. *Duncan v. Louisiana,* 391 U.S. 145, 20 L. Ed. 2d 491, 88 S Ct. 1444 (1968).

Amendment 10[1] to our state constitution does not refer to trials for petty offenses.

> [T]he apparent answer to appellant's contention is that the right of jury trial has never been taken from him. Under the statute, he was entitled to appeal to the superior court, where his case would have been tried *de novo*. . . . There, he would have had the right to a full trial by jury.

(Citation omitted.) *Bellingham v. Hite, supra* at 657. Quoting 50 C.J.S. *Juries* § 132(c), at 861 (1947), the court further stated at page 657:

> "The constitutional right to a jury trial in criminal cases is secured, although such a trial is not authorized in the first instance, provided there is a right of appeal without any unreasonable restrictions to a court in which a jury trial may be had."

*Accord, Ludwig v. Massachusetts,* 427 U.S. 618, 49 L. Ed. 2d 732, 96 S. Ct. 2781 (1976). Like Washington, Massachusetts has a two-tiered trial system. In petty offenses the case is tried to a judge only; the defendant has no right to a

---

[1] "Rights of the Accused. In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases: . . ."

jury. On a de novo appeal, a six–man jury may be demanded. This was held to satisfy both the Sixth and Fourteenth Amendments. The court also held there is no constitutional right to a jury trial in petty offenses. In passing, it noted that the defense may utilize the first trial fruitfully as a discovery tool and find strengths and weaknesses in the state's case.

In *State v. Wicke,* 19 Wn. App. 206, 574 P.2d 407 (1978), *aff'd,* 91 Wn.2d 638, 591 P.2d 452 (1979), discussing Wicke's claim that upon his charge for driving while intoxicated (the same charge as in the instant case), he had not waived his right to a trial by jury in the superior court as required by CrR 6.1(a), the court referred to *Bellingham v. Hite, supra,* and quoted:

> In *Hite* the court held the right to trial by jury in a prosecution for DWI was not denied by a statute giving a police judge jurisdiction to try the case without a jury because any person convicted was entitled to appeal to the superior court for a trial de novo where there was a right to trial by jury.

*State v. Wicke, supra* at 209. In the same case, the Supreme Court distinguished the right to a jury trial in a criminal case and the evidentiary requirements that a waiver of that right be in writing. The right of a jury trial is constitutionally protected as to certain cases. The requirement of a written waiver does not reach constitutional magnitude. It was only because of CrR 6.1(a) that the court placed upon trial judges the duty of obtaining a written waiver of jury trial. Written waiver is not constitutionally mandated. *State v. Wicke, supra* at 642. The Supreme Court also stated at page 644 that it agreed with the Court of Appeals that a trial de novo in superior court on a criminal appeal from district court is a case "'required to be tried by jury.'" The penalty could be up to 1 year in jail.

Clearly, an appeal de novo is unrestricted as to admissible evidence. Petitioner wishes this court to adopt the rule requiring a written waiver of a trial by jury in courts of limited jurisdiction to ensure that an accused intelligently

and voluntarily surrenders that right. The Supreme Court has seen fit to adopt that rule as it pertains to the *superior court*. CrR 6.1(a).[2] Even that need not be literally followed, since substantial compliance is sufficient. *State v. Wicke,* 91 Wn.2d 638, 645, 591 P.2d 452 (1979). Since this is not of constitutional dimension and the waiver of a jury is evidentiary only, the Supreme Court may make such rule as it sees fit as long as it secures to the defendant the right to one jury trial in nonpetty offenses.

█ It appears from the record that McEver was one of many who were assembled in district court and advised of their various rights en masse and were told pursuant to JCrR 4.07(a) that demand for a jury trial must be made at the time the plea is entered; otherwise, it would be deemed waived. The defendant pleaded not guilty but did not demand a jury trial. Hence, under the above rule, it could be deemed waived.

The Supreme Court may and did enact such a rule, JCrR 4.07(a). We believe, however, it would be the better practice, particularly when defendants are appearing pro se as frequently happens in courts of limited jurisdiction, that as to those defendants who enter not guilty pleas, they be asked individually whether they wish to have a jury trial. If any does, arrangements may be made to accommodate such request.

In determining the disposition of this case, reference is made to JCrR 3.02,[3] which applies to the defendant. Since McEver requested counsel at public expense, and one was

---

[2] CrR 6.1(a):
"Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court."

[3] JCrR 3.02 provides:
"The defendant shall not be required to plead to the complaint until he shall have had a reasonable time to examine the complaint. If the defendant appears in court without counsel, the court shall advise him of his right to counsel, and, if available his right to trial by jury, enter this fact on the record, and, if time is requested to consult counsel, grant the defendant a reasonable time to consult counsel and determine his plea."

appointed for him at arraignment, his plea, made at that time without the advice of counsel, although not premature, could have been delayed as provided by the rule. Certainly advice of counsel should be sought by any defendant in a criminal trial as to his plea and whether he would wish to waive a jury trial. Hence, his plea would normally be delayed until he had an opportunity to consult counsel. In harmonizing JCrR 3.02 with JCrR 4.07, it would not be unreasonable to delay the decision as to jury trial until an opportunity has been had to consult with counsel and determine a plea. To phrase it another way, the rule contemplates that defendant does not have to enter his plea until he has had the advice of counsel; hence, he should not be deemed by inaction or otherwise to waive his right to a jury until he has had an opportunity to consult with counsel. At that time he would normally decide what plea to make.

We believe this interpretation is consistent with the spirit of the rules and adequately protects the right of the state and defendants. This decision is limited to those cases where the defendant appears pro se at his arraignment and seeks advice or appointment of counsel. We recommend that at the en masse arraignment and recitation of constitutional rights, the defendant be advised that if he has an attorney, he may consult with him before deciding upon not only a plea but a jury or nonjury trial. This seems to be a practical, workable, fair interpretation of the rules. In this way the defendant who delays his plea to seek counsel does not gain an advantage over one who enters a plea and then seeks counsel.

In reaching this conclusion we are mindful of the magnitude of the work imposed upon courts of limited jurisdiction and the commendable way this load is accommodated. Their rules provide a practical means of trials without unnecessary delays or technical requirements. Although we are aware that since there is a trial de novo to the superior court at which hearing all errors which may have occurred below may be corrected without reversal and a new trial,

490

nevertheless, the procedure ordained by the rules must be reconciled and followed. Since the defendant did not have the opportunity to consult with his counsel before the jury election, he should now be given a jury trial if demanded.

The case is remanded for proceedings consistent with this opinion.

MUNSON and MCINTURFF, JJ., concur.