**Jackie Ray WHITESIDE, Plaintiff,**

v.

**The STATE OF WASHINGTON, the City of Richland, Richard G. Patrick, Eugene Pratt, James Taylor, and Robert Swisher, Defendants.**

No. C–82–060.

United States District Court,
E. D. Washington.

March 26, 1982.

Jackie Ray Whiteside, pro se.

Andrew C. Bohrnsen, Leavy, Schultz & Sweeney, Pasco, Wash., for defendants City of Richland, Taylor and Swisher.

Curtis Ludwig, Pros. Atty., Prosser, Wash., for defendants Patrick and Pratt.

Kenneth O. Eikenberry, Atty. Gen. of Wash., Olympia, Wash., for defendant State of Wash.

QUACKENBUSH, District Judge.

Plaintiff, who appears *pro se*, was charged with the state law "infractions" of "driving with an expired vehicle license" and "no registration in vehicle". He was also charged with the "traffic offense" of "no valid operator's license". The former

two carry only a monetary maximum penalty. The latter carries a maximum penalty of 90 days in jail and/or $500.00. A sentence of $100.00 was imposed upon plaintiff in state justice court.

In his Civil Rights Complaint, based upon 42 U.S.C. § 1983, plaintiff alleges he demanded a jury trial when he was arraigned in justice court. In his memorandum, plaintiff states he had a "lack of desire" for representation by counsel. Ct.Rec. 18 at 5.

Plaintiff further alleges the "contested hearing" in state court was "a sham and a fraud" and that defendant Taylor (a City Attorney) and defendant Judge Pratt "conferred" and "rendered their brand of justice". His request for a jury trial was denied. That ruling was appealed to the State Superior Court where plaintiff moved for a "trial de novo with jury". "At the insistance of [defendant] Mr. Swisher [acting as a City Attorney], [defendant] Judge Patrick denied" his motion. Complaint at 2. The prayer for relief is "one million troy ounces of silver" for each asserted right of which he was deprived. He also prays for an Order giving anyone accused of a civil infraction the same right to a jury trial as one accused of a crime. Finally, he seeks expulsion of the defendant judges and attorneys from the American and Washington bars.

Plaintiff also names as defendants the State of Washington and the City of Richland. All defendants have moved to dismiss for failure to state a claim.

At oral argument, this court inquired of plaintiff what his allegation that defendants Taylor and Pratt "conferred" meant and whether the allegation was a discussion outside of open court. Plaintiff instructed that the discussion between attorney and judge was in open court. He further described the trial judge as indicating to plaintiff he would allow a jury trial, but defendant Taylor, in court, convinced the judge that the law did not require such a

result. At this point, asserts plaintiff, his jury request was denied. Plaintiff stated that in court, Judge Pratt became "prejudiced" against him for exercising his rights.

Upon further inquiry, plaintiff stated he knew he could file an affidavit of prejudice and he knew he could seek review in the state appeals court of the superior court's affirmance of Judge Pratt's decision. Plaintiff admitted choosing not to follow these state remedies. Rather, he asserts making a conscious decision "to collaterally impeach the jurisdiction" of the state courts. He believes he has a right to challenge the jurisdiction proceedings. The vehicle he chose was that of a Civil Rights action.[1]

Plaintiff contends that where there is assertedly and technically no "jurisdiction" in district court, that City Attorneys and judges who appear or participate in the judicial process do so at their own risk. That is, under plaintiff's theory, if he correctly argues a point of law, and the City Attorney innocently argues incorrectly, if the judge, as a result, makes an erroneous conclusion, the ruling may be collaterally attacked.

 Section 1983 requires allegations sufficient to show deprivation of a right secured by the United States Constitution. *Parratt, et al. v. Taylor*, 451 U.S. 527, 534, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). The Fourteenth Amendment prohibits deprivation by a state of a liberty or property interest without due process of the law. These interests may flow from the Constitution or be established by state law. The causation requirement for civil rights claims is not satisfied by alleging mere causation in fact. "Rather, the plaintiff must show proximate or legal causation." *Arnold v. International Business Machines*, 637 F.2d 1350, 1354–55 (9th Cir. 1981). Moreover, although special liberality is afforded to *pro se* litigants, civil rights allegations must be stated with specificity. *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980).

1. Plaintiff, at oral argument, contended that this case, distilled to its essence, was really a tax matter since motor vehicle excise tax was involved. In this respect, the court would note that such characterization would surely require dismissal since there is no right to a jury trial in a tax challenge. *Peters v. Sjoholm*, 95 Wash.2d 871, 631 P.2d 937 (1981) (en banc).

■ At the outset, it is well settled law that there is no federal right to trial by jury for minor or petty offenses. *Cheff v. Schnackenberg*, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). "Petty offenses" are those with a maximum of not more than six months imprisonment and/or $500.00. 18 U.S.C. § 1. It appears, however, that for a time and at least until January 1, 1981, there was a state law right to a trial de novo with a jury on appeal of a traffic offense to the state superior court. See *George v. Day*, 69 Wash.2d 836, 420 P.2d 677 (1966); *Bellingham v. Hite*, 37 Wash.2d 652, 225 P.2d 895 (1950) as modified by *State ex rel. O'Brien v. Towne*, 64 Wash.2d 581, 392 P.2d 818 (1964). That is, denial of a jury trial in municipal court did not become an issue since defendants charged with offenses were given an opportunity, if an appeal was taken to superior court, to be tried by a jury.

On January 1, 1981, before the offense in question, the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) became effective, with a result of making unclear when, if ever, defendants charged with municipal traffic code offenses may demand a jury trial. The new law, as yet, has not been interpreted by state appellate courts. Defendant Judge Patrick, in plaintiff's case, interpreted these rules as well as the enabling act, R.C.W. § 3.02.020, as eliminating trial de novo in superior court for the traffic offense, without concurrently requiring the opportunity in municipal court for jury trial.[2]

■ As discussed, *infra*, it is unnecessary for this court to reach a conclusion as to the correctness of Judge Patrick's interpretation of whether the new state law altered the pre-1981 law. The remedy for trial court error is that of appeal. The Civil Rights Act was not designed for use as a substitute for appeal in state courts. *Silverton v. Dept. of Treasury*, 640 F.2d 214, 219 (9th Cir. 1981).

■ Judges are immune from damages actions under Section 1983 based upon their errors when trying cases. The immunity rules evolved, not to protect judges, "but for the benefit of the public whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). To impose the fear of liability on judges would not contribute to principled decision-making but would, instead, contribute to intimidation. *Id.*

■■ A judge may not enjoy immunity if his actions were taken either "in *clear* absence of *all* jurisdiction" (emphasis added) or if the acts were "non-judicial" in nature. *Beard v. Udall*, 648 F.2d 1264, 1269 (9th Cir. 1981), discussing *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1976) (judge who ordered sterilization of a minor at her mother's request held immune because no state law clearly excluded the matter from the court's subject matter jurisdiction). See, also, *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980), *cert. denied*, 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981). That a judge commits "grave procedural errors" is insufficient as a matter of law to deprive him of judicial immunity. *Beard, supra* at 1269.

■ The *Beard* case has some application to the case at bench. In *Beard*, the defendant judge erroneously interpreted a recently enacted statute as changing the existing law to give him jurisdiction to enter temporary restraining orders. The state court of appeals had not yet interpreted the new statute when the defendant judge proceeded to erroneously enter the TRO. Later, the state court of appeals held that the new law did not change the existing law. As in *Beard*, this court cannot rule that interpreting the new statute and

---

**2.** The court takes judicial notice of the state court hearing (a matter of public record) to which plaintiff refers in his complaint, and a transcript copy of which is a part of the file in this action. *Iacaponi v. New Amsterdam Cas.*

*Co.*, 379 F.2d 311, 312 (3rd Cir. 1967), *cert. denied*, 389 U.S. 1054, 88 S.Ct. 802, 19 L.Ed.2d 849 (1967); C. Wright & A. Miller, 5 Federal Practice and Procedure § 1357 at 593.

rules as abolishing trial de novo with jury is a wholly implausible conclusion "at first glance". *Id.* at 1269. The Washington courts of appeal had not interpreted the new law at the time in question. Hence, plaintiff's claim may not withstand a motion to dismiss since the alleged misinterpretation of the new statute and rules does not rise to an assertion of conduct "in the clear absence of all jurisdiction" within the meaning of *Beard.* Nor does plaintiff state a claim for commission of "a non-judicial act" since the asserted conference, discussed earlier, was in open court, and was not an alleged prior private agreement. *Id.*

The defendant prosecuting attorneys, officers of the court and acting for the City of Richland, similarly enjoy immunity. *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 736, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641 (1980) citing *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

While the City of Richland is a "person" within the meaning of Section 1983, it is not liable for the alleged wrongs to plaintiff under traditional respondeat superior principles, as argued by plaintiff, by the mere act of employing the City Attorneys and judges. *Monell v. City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Finally, the State of Washington may not be included as a defendant in Section 1983 civil rights damages actions. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Moreover, this circuit has recently reaffirmed its position that the State of Washington did not waive its Eleventh Amendment immunity to suit in federal court by consenting to be sued in state court. *McConnell v. Critchlow,* 661 F.2d 116 (9th Cir. 1981).

Taking all allegations as true, the court concludes the complaint, as it is presently drafted, is insufficient. Having concluded plaintiff has failed to state a claim against any of the defendants, the court has no discretion, but must dismiss the claims. The separate determination remains, however, of whether to permit leave to replead. C. Wright & A. Miller, 5 Federal Practice & Procedure § 1357 at 593. Having carefully studied the complaint and having considered as true plaintiff's frank admissions at oral argument and in his brief responding to the Motions to Dismiss, the court is unable to envision any way this litigant could amend to state a claim upon which relief may be granted. Consequently, the Motions to Dismiss are GRANTED, and the complaint and the claims therein are DISMISSED with prejudice. IT IS SO ORDERED. The Clerk is directed to enter the Order and forward copies to plaintiff and counsel.