[No. 11246–9–II.  Division Two.  June 8, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY JEROME HANDLEY, *Appellant.*

*Keith A. MacFie,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

PETRICH, A.C.J.—Gary Jerome Handley appeals his exceptional 81–month sentence, claiming that the reasons for the sentence are unsupported by the record or are clearly erroneous, that the reasons do not justify the sentence, and that the sentence is clearly excessive. He also claims that his exceptional sentence violates his right to equal protection because his codefendant received a sentence within the standard range. We affirm.

The charges giving rise to this appeal arose out of the robbery and murder of 87–year–old Grace Parks. Handley and Tony Willoughby had been hired to paint Parks's house during the summer of 1986. Willoughby asked Handley to help him rob Mrs. Parks, but Handley chose not to participate. Instead, Willoughby and Dan Klewin, Handley's codefendant, went to Mrs. Parks's home to rob her on July 6, 1986, and, during the robbery, stabbed and suffocated her. Willoughby brought the jewelry he had robbed

from Mrs. Parks to Handley, who attempted to assist Willoughby in selling it.

Handley pleaded guilty to the following three charges: second degree possession of stolen property, RCW 9A.56-.160(1)(a), standard range 2 to 5 months; first degree rendering criminal assistance, RCW 9A.76.070(1), (2)(a) or (2)(b), .050(5), standard range 13 to 17 months; and first degree conspiracy to commit robbery, RCW 9A.28.040, 9A.56.190, .200(1)(a), standard range 30.75 to 40.50 months. The trial court sentenced Handley to twice the top of the standard range for each count and ordered the sentences to run concurrently. Handley was thus sentenced to 81 months.

In departing from the standard range, the trial court entered findings of fact and conclusions of law as required by RCW 9.94A.120(3). The court found the following aggravating circumstances: the 87–year–old victim resided alone and was small and frail, especially compared to the defendants; she employed the defendants to paint her house and befriended Handley, giving him gifts of money, food, and jewelry; the objects of the robbery were the rings on her fingers; and Handley knew or should have known there was a high probability of the victim receiving substantial injury if the robbery were accomplished.

From these findings the court concluded the following: Handley knew or should have known that Mrs. Parks was particularly vulnerable or incapable of resistance due to advanced age, disability or ill health; Handley was an employee and friend of Mrs. Parks, and he abused a position of trust when he committed the offenses; and Handley knew or should have known that there was a high probability that the 87–year–old victim would receive substantial injury if the robbery of the rings was accomplished.

A trial court may impose an exceptional sentence if it finds there are substantial and compelling reasons that justify it. RCW 9.94A.120(2); *State v. Nordby*, 106 Wn.2d 514, 516, 723 P.2d 1117 (1986). This court must affirm the sentence imposed by the trial court unless it finds that the

reasons provided by the sentencing judge are not supported by the record, those reasons do not justify an exceptional sentence, or the sentence is clearly excessive. RCW 9.94A-.210(4); *Nordby,* 106 Wn.2d at 517.

The first part of RCW 9.94A.210(4) requires this court to determine whether the sentencing judge's reasons for imposing the exceptional sentence are supported by the record. This is a factual determination and the reasons must be upheld unless they are clearly erroneous. *Nordby,* 106 Wn.2d at 517–18. Under the clearly erroneous standard, this court will not set aside a finding unless, upon review of the entire record, the court is left with a definite and firm conviction that a mistake has been committed.

Pursuant to RCW 9.94A.370(2), the trial court may rely only on information

> admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point.

Our review of the undisputed facts does not leave us with a conviction that a mistake has been committed. The undisputed facts indicate that the victim employed Handley to paint her house, that she befriended him with gifts of food, money, and jewelry, and that she was small and frail. Counsel for Handley conceded at the July 1, 1987, hearing that if the theft of the victim's jewelry were completed, it was reasonable to assume that there would be a risk of harm to the victim, considering her age. These facts readily support the sentencing judge's reasons, embodied in the findings of fact, for the exceptional sentence.

The second part of RCW 9.94A.210(4) requires this court to determine whether the sentencing judge's reasons justify the imposition of an exceptional sentence. *State v. Nordby,* 106 Wn.2d at 518. A nonexclusive list of aggravating factors that the court may consider when imposing an exceptional

sentence is provided in RCW 9.94A.390. Among those factors are the following: that the "defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health" and that the "defendant used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense." RCW 9.94A.390(2)(b), (c)(iv). All of the trial court's reasons, two of which encompass these aggravating factors, justify the sentence. In fact, the court in *State v. Clinton*, 48 Wn. App. 671, 676, 741 P.2d 52 (1987) stated that "[i]f the victim of an offense was particularly vulnerable due to advanced age, then that fact may, as a matter of law, be used to justify the imposition of an exceptional sentence."

The final inquiry under RCW 9.94A.210(4) is whether the exceptional sentence is clearly excessive. An exceptional sentence will not be reversed as clearly excessive absent an abuse of discretion. *State v. Dunaway*, 109 Wn.2d 207, 218, 743 P.2d 1237, 749 P.2d 160 (1987); *State v. Oxborrow*, 106 Wn.2d 525, 530, 723 P.2d 1123 (1986). Unless the court's action was one that "no reasonable person would have taken", the sentence will be affirmed. *Clinton*, 48 Wn. App. at 678; *State v. Armstrong*, 106 Wn.2d 547, 551–52, 723 P.2d 1111 (1986). "The practical effect of this standard is to guarantee that an appellate court will 'rarely, if ever' overturn an exceptional sentence because of its length." *Clinton*, 48 Wn. App. at 678, quoting *Armstrong*, 106 Wn.2d at 553 (Goodloe, J., dissenting). In light of the age and vulnerability of the victim the sentence imposed on Handley is not clearly excessive and falls well within the trial court's discretion.

Handley argues that he was denied equal protection because he was given an exceptional sentence and his codefendant, Dan Klewin, was sentenced within the standard range. Klewin pleaded guilty to second degree murder and received a 144–month sentence. Handley contends that there is no rational basis for the disparity.

Since *State v. Hurst,* 5 Wn. App. 146, 149, 486 P.2d 1136 (1971), this state's appellate courts have responded to equal protection challenges to disparate sentencing between codefendants by examining whether a rational basis supported the disparity. The decisions have held uniformly that where a rational basis existed, equal protection was not violated. *See State v. Clinton,* 48 Wn. App. at 679; *State v. Portnoy,* 43 Wn. App. 455, 465, 718 P.2d 805, *review denied,* 106 Wn.2d 1013 (1986); *State v. Bush,* 34 Wn. App. 121, 124, 659 P.2d 1127, *review denied,* 99 Wn.2d 1017 (1983); *State v. Turner,* 31 Wn. App. 843, 847, 644 P.2d 1224, *review denied,* 97 Wn.2d 1029 (1982); *State v. Bresolin,* 13 Wn. App. 386, 397, 534 P.2d 1394 (1975), *review denied,* 86 Wn.2d 1011 (1976). No sentence has been upset on equal protection grounds, although *Clinton* was remanded for a new sentencing hearing with instruction to the sentencing judge to consider relevant distinctions between codefendants. 48 Wn. App. at 680.

■ After reflecting upon this issue, we disagree with the foregoing authority that equal protection principles are necessarily implicated by disparate sentencing. The *Hurst* court relied on *State ex rel. O'Brien v. Towne,* 64 Wn.2d 581, 392 P.2d 818 (1964) when it applied the rational basis test, for the first time, to disparate sentencing. *Towne* did not involve sentencing, but rather, involved a challenge to the constitutionality of a statute precluding jury trials for petty traffic offenses in cities of a certain size. In examining the validity of the statute, the *Towne* court stated the rule that

> class legislation must apply alike to all persons within a class, and reasonable ground must exist for making a distinction between those within and those without a designated class . . .

64 Wn.2d at 583.

This rule does not require that codefendants be given similar sentences unless there is a rational basis for differentiation. In the context of the enforcement of criminal

statutes, the court in *State v. Nixon,* 10 Wn. App. 355, 358, 517 P.2d 212 (1973) stated:

> The administration by state officers of a state statute which is fair on its face but which results in an unequal application of the law to citizens is not a denial of equal protection unless there is shown to be present an element of intentional or purposeful discrimination. A discriminatory purpose must be shown clearly by one claiming discrimination since such a purpose cannot be presumed. *Snowden v. Hughes,* 321 U.S. 1, 88 L. Ed. 497, 64 S. Ct. 397 (1944). *See also Yick Wo v. Hopkins* [118 U.S. 356, 30 L. Ed. 220, 6 S. Ct. 1064 (1886)].

The same rule is applicable in the sentencing context. The court in *State v. Barton,* 75 Wn.2d 947, 950, 454 P.2d 381 (1969) held that the application of a statute that grants to a trial judge discretion within prescribed limits as to the duration of a sentence is not a denial of equal protection. *Accord, Nixon,* 10 Wn. App. at 358. Because trial courts have discretion to establish sentence duration, they necessarily have discretion to impose disparate sentences upon codefendants.

We find federal decisions on this issue persuasive. The Ninth Circuit has held uniformly that "'a disparity in the sentences imposed upon codefendants does not indicate that the sentencing judge has abused his discretion or that review is required.'" *United States v. Endicott,* 803 F.2d 506, 510 (9th Cir. 1986), quoting *United States v. Garrett,* 680 F.2d 650, 652 (9th Cir. 1982).

We hold that absent a clear showing of "intentional or purposeful discrimination," this court will not review a sentence because of disparity. Here, Handley did not make such a showing. Because the sentence is not otherwise infirm under RCW 9.94A.210(4), the trial court is hereby affirmed.

REED and WORSWICK, JJ., concur.

Review granted at 113 Wn.2d 1015 (1989).