[No. 35090. *En Banc.* October 1, 1959.]

BEN HANSON, *Individually, and on Behalf of the City of Tacoma, Plaintiff and Relator,* v. VICTOR A. MEYERS, *as Secretary of State, Defendant,* WASHINGTON STATE SPORTSMEN'S COUNCIL, INC., *et al., Interveners,* THE SUPERIOR COURT FOR THURSTON COUNTY, *Raymond W. Clifford, Judge, Respondent.*[1]

[1]Reported in 344 P. (2d) 513.

*Marshall McCormick, Quinby R. Bingham, James F. Henriot,* and *Paul J. Nolan,* for plaintiff and relator.

*The Attorney General* and *Elvin J. Vandeberg, Assistant,* for defendant.

FINLEY, J.—Mr. Ben Hanson, the relator, brought this action to enjoin defendant, the Secretary of State, from certifying initiative measure No. 25 to the Washington State Legislature. The trial court sustained defendant's demurrer; subsequently, upon application by relator, we granted certiorari.

At the outset, we are met with defendant's contention that the questions involved in this action are now moot, and that, consequently, we should refuse to render an opinion on the matter. To understand defendant's argument, it is necessary to set out the circumstances which gave rise to this litigation.

Shortly before the thirty-sixth session of the Washington State Legislature, the proponents of initiative measure No. 25 filed their petitions with defendant, the Secretary of the State of Washington, for the submission of the initiative to the legislature. In conformity with statutory requirements, defendant then commenced the task of canvassing and counting the signatures on the petitions in order to determine whether the number of valid legal voters' signatures thereon was sufficient for the initiative measure to be certified to the legislature. The canvassing was done under the observation of official observers who were appointed by both the proponents and opponents of the initiative.

Defendant made his official determination of the result of the canvass, effective February 13, 1959. It was that the petitions did have the requisite number of valid signatures. Defendant announced that, on February 19, 1959, he intended to certify the initiative to the legislature.

On February 17, 1959, relator filed this petition in the superior court for Thurston county and obtained a temporary restraining order enjoining defendant from certi-

fying the initiative to the legislature on February 19, 1959. On February 24, 1959, the matter came on for hearing. At that time, the Washington State Sportsmen's Council, Inc., and Harold A. Pebbles filed a complaint in intervention. After oral argument, the trial court sustained defendant's demurrer to relator's petition. The order sustaining the demurrer and vacating the restraining order was entered by the trial court on February 25, 1959, and judgment was entered against relator on March 2, 1959.

Notice of application for a writ of certiorari to this court was served by relator on March 2, 1959. We issued the writ on March 6, 1959. However, during the interim, the Secretary of State, in fact, certified the initiative to the legislature. The legislature failed to act on the initiative, and, in accordance with RCW 29.79.270, it will be submitted to the people as a ballot proposition at the next general or special election.

Relator's petition in the trial court for an injunction was based on the provisions of RCW 29.79.210, reading:

"Any citizen dissatisfied with the determination of the secretary of state that an initiative or referendum petition contains or does not contain the requisite number of signatures of registered voters may, within five days after such determination, apply to the superior court of Thurston county for a citation requiring the secretary of state to submit the petition to said court for examination, and for a writ of mandate compelling the certification of the measure and petition, *or for an injunction to prevent the certification thereof to the legislature, as the case may be.* Such application and all proceedings had thereunder shall take precedence over other cases and shall be speedily heard and determined.

"The decision of the superior court granting or refusing to grant the writ of mandate or injunction may be reviewed by the supreme court on a writ of certiorari sued out within five days after the decision of the superior court, and if the supreme court decides that a writ of mandate or injunction, as the case may be, should issue, it shall issue the writ directed to the secretary of state; otherwise, it shall dismiss the proceedings. The clerk of the supreme court shall forthwith notify the secretary of state of the decision of the supreme court." (Italics ours.)

As indicated heretofore, relator sought an injunction in the trial court to prevent defendant from certifying the initiative to the legislature. When the demurrer of the Secretary of State was sustained—and the relator thus failed to obtain an injunction—there was no legal restraint against the Secretary of State, and he certified the measure to the legislature. It is the position of the Secretary of State that inasmuch as the certification has become an accomplished fact the issues raised by the relator are now moot; and he contends that we should not now inquire into the correctness of the trial court's order sustaining the demurrer. This contention has merit.

In *State ex rel. Donohue v. Coe* (1956), 49 Wn. (2d) 410, 302 P. (2d) 202, we quoted with approval from *State ex rel. Case v. Superior Court* (1914), 81 Wash. 623, 143 Pac. 461:

" 'In approaching the question of the power of the secretary and of the courts in determining questions arising incidental to the submission of an initiative measure to the voters, *it is to be remembered that we are dealing with a political and not a judicial question, except only in so far as there may be express statutory or written constitutional law making the question judicial. . . .* ' " (Italics ours.)

With the foregoing in mind, it becomes a simple matter to resolve the question confronting us in the case at bar. RCW 29.79.210 provides that, when a citizen is dissatisfied with the Secretary of State's determination that a petition does contain the requisite amount of signatures (the situation existing in the instant case), he may then and upon that particular basis petition the court for injunctive relief. The statute provides that the court may thereupon enjoin the Secretary of State from certifying the initiative to the legislature. *There is no statutory authority for interference by the courts, once the certification has been accomplished.* It would, for that reason, seem to us to be a useless act for this court to inquire now into the correctness of the trial court's action in sustaining defendant's demurrer. We decline to do so. The writ of

certiorari heretofore issued by this court is, therefore, quashed, and the judgment of the trial court is affirmed.

ALL CONCUR.