[No. 57907–5.   En Banc.   May 16, 1991.]

THERESA SCHREMPP, ET AL, *Appellants,* v. RALPH MUNRO, *as Secretary of State,* ET AL, *Respondents.*

*Theresa Schrempp* and *Mary Jarrard,* pro se, and *Carmen K. Bullard,* for appellants.

*Kenneth O. Eikenberry, Attorney General, James M. Johnson, Senior Assistant,* and *Martin T. Schultz, Assistant,* for respondent State.

*Gregory E. Keller* (of *Hillis Clark Martin & Peterson, P.S.*); *Janis P. Bianchi, Richard Hemstad,* and *Sally A. Keller,* for respondent Minto.

BRACHTENBACH, J.—Appellants challenge the decision of the Secretary of State to accept and file Initiative 120, the merits of which are not at issue.

Appellants sued in superior court for injunctive and declaratory relief and a writ of mandamus. The trial court assumed, without deciding, that appellants were proper parties to challenge the acceptance and filing of the initiative. The trial court denied any relief. After oral argument this court issued an order affirming the trial court. We now state our reasons for affirming.

The issues are:

1. Do appellants have statutory authority to challenge the decision of the Secretary of State?

2. If the statutes deny appellants standing, are the statutes unconstitutional?

3. Does this court have inherent authority to review the decision of the Secretary of State on the basis that the Secretary's action was arbitrary and capricious and contrary to law?

4. Is the matter moot because the Secretary of State certified the initiative to the Legislature after the trial court denied relief and after this court denied an injunction to prohibit certification?

■ Before discussing the issues, it is well to remember that, first, exercise of the initiative process is a constitutional right. "The first power reserved by the people is the initiative." Const. art. 2, § 1(a) (amend. 72). Second, legislation concerning the initiative or referendum process may be enacted only to facilitate its operation. Const. art. 2, § 1(d) (amend. 72). Third, the authority of the judiciary over the process is limited. "[W]e are dealing with a political and not a judicial question, except only in so far as there may be express statutory or written constitutional law making the question judicial." *State ex rel. Donohue v. Coe,* 49 Wn.2d 410, 417, 302 P.2d 202 (1956) (quoting *State ex rel. Case v. Superior Court,* 81 Wash. 623, 633, 143 P. 461 (1914)).

Respondent Minto filed a proposed initiative, now known as Initiative 120; it included a legislative title. The Code Reviser issued a certificate of review. RCW 29.79.015. The Attorney General prepared a summary and ballot title. RCW 29.79.040.

The petition forms circulated to obtain voter signatures contain on the back the text of the measure, but do not contain a legislative title. On the front of the petitions there appear the ballot title and summary prepared by the Attorney General.

Also on the front of the petitions there appear the operative words of the petition, *i.e.,* that it is addressed to the Secretary of State and that the undersigned citizens and legal voters direct that the proposed measure "be transmitted *to the legislature*" and that the signers "petition the *legislature* to enact said proposed measure into law." (Italics ours.) In a box headed "NOTE" it states that "200,000 signatures are needed to place Initiative 120 *before the Legislature.*" (Italics ours.) Above the lines on which voters sign, there appears in capital letters: "WASHINGTON STATE VOTERS SIGN BELOW TO SUBMIT INITIATIVE 120 TO THE LEGISLATURE IN 1991."

The challenge to the contents of the petitions arises from an erroneous statement which appears below the warning about improper signatures and above the words noted above addressed to the Secretary of State. The following words constitute the erroneous statement: "INITIATIVE PETITION FOR SUBMISSION TO THE PEOPLE."

Appellants contend that the initiative is fatally flawed (1) because of the statement that it is a petition for an initiative to the people, when in fact it is addressed to the Legislature (as stated in four places on the face of the petition), and (2) because there is not a legislative title in the text of the proposed measure.

## I
*The statutes do not authorize the opponents of an initiative to challenge the acceptance and filing of an initiative.*

We turn to the statutes to determine whether they authorize appellants' challenge.

The Superior Court, to facilitate a decision, assumed without deciding that appellants were proper parties to bring this challenge. By so doing, that court did not decide the appellants' equal protection challenge to the statute.

RCW 29.79 provides the mechanism for implementing the constitutional rights of initiative and referendum. Appellants first argue that they have a right of challenge under RCW 29.04, the general elections law, regardless of

the specific initiative procedures of RCW 29.79. Specifically they argue that standing and jurisdiction are conferred by RCW 29.04.030(4) and (5), entitled "Prevention and correction of election frauds and errors." Appellants' contention is without merit. RCW 29.79 is the specific statute governing initiatives and referendums. It is complete in itself and tailored solely to initiatives and referendums. Thus, RCW 29.79 is the applicable statute to the exclusion of the general elections law, RCW 29.04. *See In re Estate of Little*, 106 Wn.2d 269, 284, 721 P.2d 950 (1986).

Quite apart from the specific statute governing over the general statute, RCW 29.79 is controlling because application of RCW 29.04.030 would render meaningless the specific provisions of RCW 29.79. All actions of the Secretary of State concerning initiatives would be subject to challenge by any voter under RCW 29.04.030. Such a result would negate the necessity of and the procedures provided by RCW 29.79.060, .150, and .210. Statutes should be interpreted so as to not leave one statute mere surplusage. *Sim v. State Parks & Rec. Comm'n*, 90 Wn.2d 378, 382–83, 583 P.2d 1193 (1978); *Avlonitis v. Seattle Dist. Court*, 97 Wn.2d 131, 641 P.2d 169, 646 P.2d 128 (1982).

We next examine the applicable statute in RCW 29.79 to ascertain whether opponents to an initiative are authorized to challenge the decision of the Secretary of State to *accept and file* an initiative. The law is explicit. RCW 29.79.150 grants discretionary authority to the Secretary of State who *may refuse* to file an initiative or referendum upon any of three specified grounds, *i.e.*, its form, insufficiency of number of signatures, or timeliness. "If none of the grounds for refusal exists, the secretary of state *must* accept and file the petition." (Italics ours.) RCW 29.79.150.

Judicial review of the administrative decision of the Secretary of State is authorized only if the Secretary *refuses* to file the petition. RCW 29.79.160. The right to challenge is limited to the persons submitting it for filing. The time for and place of challenge is limited. If the superior court

mandates filing of the petition, that decision is final. In other words, there is no statutory authority for appellate review. RCW 29.79.160.

## II

*There is a reasonable basis to distinguish between the right of proponents of an initiative to challenge a refusal to file, and the denial of such right to the opponents to challenge a decision to accept and file an initiative. The statutes are constitutional.*

Appellants contend that the limitation in RCW 29.79.160 is a violation of their constitutional right to equal protection under Const. art. 1, § 12. Appellants make no claim that the scope of the state constitution differs from federal equal protection. *See State v. Gunwall,* 106 Wn.2d 54, 61–62, 720 P.2d 808, 76 A.L.R.4th 517 (1986).

The classifications are (1) the proponents of an initiative measure who are authorized to challenge a refusal to file the petition, and (2) the opponents who are denied the right to challenge a decision to accept a petition. The appropriate standard of judicial review is the rational basis test. *Forbes v. Seattle,* 113 Wn.2d 929, 940, 785 P.2d 431 (1990). Appellants argue that there is no reasonable basis to distinguish between the rights of the proponents and the opponents.

A reasonable basis is plainly evident to permit a challenge by the proponents of an initiative to the refusal to file a petition and to deny a challenge by the opponents to the decision to accept and file a petition. The proponents are exercising a constitutional right to petition. Const. art. 2, § 1(a) (amend. 72). Legislation impacting that constitutional right can only be enacted "especially to facilitate its operation." Const. art. 2, § 1(d) (amend. 72). By contrast, the opponents can claim no constitutional right to impede the exercise of the proponents' constitutional rights. The opponents do have constitutional rights which they can express to the Legislature in its consideration of the initiative, and, if it goes to a vote of the people, they can express

their opposition and vote thereon. Const. art. 1, § 5; Const. art. 6. In short, there is a reasonable basis for the Legislature to facilitate the initiative process by allowing a challenge to the refusal to accept and file an initiative, and not to impede the process by permitting a challenge by an opponent who would like to prevent an initiative from consideration by the Legislature and the voters.

Appellants rely upon *In re Ballot Title for Initiative 333*, 88 Wn.2d 192, 558 P.2d 248, 559 P.2d 562 (1977), to support their equal protection claim. That case is readily distinguishable. The statute there considered was former RCW 29.79.060 which permitted a judicial challenge to the ballot title only by the proposers of an initiative. We held that such limitation was a denial of equal protection. We logically perceived that the opponents of an initiative had an equal interest in an impartial ballot title. The heart of the court's rationale was this:

> If impartiality is required, it is unreasonable to deny review to opponents. Denying review to opponents has the effect of allowing a ballot title which is favorable to the proposers' purpose to remain the permanent ballot title while allowing proposers to challenge a ballot title which is unfavorable to their purpose.

*Initiative 333*, at 196. The amended statute now permits challenge by any person dissatisfied with the ballot title or summary. RCW 29.79.060. The interests of the opponents which were recognized in *Initiative 333* advanced the exercise of the initiative process; the efforts of the appellants here are to stop the initiative process by preventing the petition from reaching the Legislature or the people.

### III

*There is limited judicial power to review discretionary decisions in the initiative and referendum process. Here there is no sustainable claim of arbitrary and capricious action or action contrary to law.*

Appellants next argue that apart from statutory authority, this court has "inherent equity power to intervene in cases of election fraud or wrongdoing. *Foulkes v.*

*Hays,* 85 Wn.2d 629, 537 P.2d 777 (1975); *State ex rel. Berry v. Superior Court,* 92 Wash. 16, 24, 159 P. 92 (1916)." Brief of Appellants, at 13. The appellants' broad statement of principle excludes their own claims. This is not a case of election fraud or wrongdoing. A more thorough explanation of our power of review is contained in *Kreidler v. Eikenberry,* 111 Wn.2d 828, 835, 766 P.2d 438 (1989).

> Despite the unavailability of either direct or discretionary review, we may, in unusual circumstances, exercise our inherent power of review to determine if the trial court's decision is arbitrary, capricious, or contrary to law. *Marino Property Co. v. Port Comm'rs of Port of Seattle,* 97 Wn.2d 307, 644 P.2d 1181 (1982).

*Kreidler,* at 837.

Appellants do not discuss the standards contained in *Kreidler.* In a leap of illogic they argue that this case does not involve any question involving the arbitrary and capricious standard, but merely a question of statutory interpretation. Appellants have confused a constitutional issue of the power and extent of judicial review with a simple standard of review of a question of law in a case properly on appeal and within the constitutional boundaries of judicial power.

Even if appellants' arguments raised the question of inherent power to review arbitrary and capricious or contrary to law action, their contentions fail.

■ The statute provides that the Secretary of State *may* refuse to file a petition if it is not in the form required by the statute. RCW 29.79.150. The statute sets out a form of petition and requires that the petition be *substantially* in that form. RCW 29.79.090. Inherent in the decision of the Secretary of State to accept and file this petition was his determination that the petition was substantially in the form required. The Secretary's right to refuse is conditioned by the discretionary word "may". Clearly his decision is a discretionary administrative act. We have so held for more than six decades. *State ex rel. Harris v. Hinkle,* 130 Wash. 419, 429, 227 P. 861 (1924).

Equally clear is the conclusion that the Secretary of State was not acting contrary to law. Indeed, his decision was pursuant to a grant of discretionary authority. The petitions contained one erroneous phrase, "to the people", but the operative paragraph twice declared that it was an initiative to the Legislature, and the large print immediately above the signature lines stated: "WASHINGTON STATE VOTERS SIGN BELOW TO SUBMIT INITIATIVE 120 TO THE LEGISLATURE IN 1991." Our analysis is not intended to be a judgmental substitution for the Secretary of State's decision, but rather to show that his action was not a ""willful and unreasoning action, without consideration and in disregard of facts or circumstances""". *Kreidler v. Eikenberry, supra* at 837 (quoting *Equitable Shipyards, Inc. v. State,* 93 Wn.2d 465, 474, 611 P.2d 396 (1980) (quoting *DuPont–Fort Lewis Sch. Dist. 7 v. Bruno,* 79 Wn.2d 736, 739, 489 P.2d 171 (1971))).

Appellants also contend that the lack of a legislative title in the text of the measure on the back of the petitions renders it void and presumably contrary to law. Const. art. 2, § 1(a) (amend. 72) provides the petition forms "shall include the full text of the measure so proposed." Appellants cite no authority that a legislative title is part of the required text. We agree with the analysis of *State ex rel. Jones v. Charboneau's,* 27 Wn. App. 5, 9, 615 P.2d 1321 (1980), that the legislative title need not appear in the text on the petition.

## IV

*This case is not mooted by the certification of the initiative to the Legislature.*

Finally, respondents move to dismiss, contending the case is moot under *Hanson v. Meyers,* 54 Wn.2d 724, 344 P.2d 513 (1959). That case involved a challenge pursuant to RCW 29.79.210 to the number of signatures. The Superior Court denied a request for a restraining order. Before this court issued a writ of certiorari, the Secretary of State certified the initiative to the Legislature. The court held the

matter was moot because the certification made it useless to inquire into the decision of the Superior Court denying an injunction.

■ We believe that decision is wrong; it is contrary to the applicable statute and is overruled. The statute, RCW 29.79.210, provides in part:

> The decision of the superior court granting or refusing to grant the writ of mandate or injunction may be reviewed by the supreme court within five days after the decision of the superior court, and if the supreme court decides that a writ of mandate or injunction, as the case may be, should issue, it shall issue the writ directed to the secretary of state; otherwise, it shall dismiss the proceedings.

The error in the reasoning of *Hanson* is that it nullifies the limited time for appellate jurisdiction. The statute grants this court a right of appellate review of a superior court's decision within 5 days after that decision. The Secretary of State cannot deprive a litigant of the right to review by certification during the 5–day period. We recognize that appellants, under our holding, do not have a similar statutory right of review, but the initiative/referendum process requires as much procedural certainty as possible. Hence, we deny the motion to dismiss as moot.

We affirm the judgment of the trial court.

DORE, C.J., and UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.